UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DKS Inc., | No. 2:15-cv-00132-MCE-DAD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| CORPORATE BUSINESS SOLUTIONS, INC., et al., | |
| Defendants. | |

Through this action, Plaintiff DKS Inc. ("Plaintiff") seeks to recover money that Defendants purportedly stole while ostensibly providing business consulting services that were supposed to increase Plaintiff's cash flow. The Court previously denied Defendant Corporate Business Solutions, Inc.'s ("CBS") Motion to Compel Arbitration (ECF No. 32), and CBS timely appealed that denial. Presently before the Court is CBS's Motion for a Stay Pending Appeal ("Motion"). ECF No. 38. For the following reasons, that Motion is DENIED.[1]

///
///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

## ANALYSIS

District courts have discretion to stay a case pending an appeal of a denial to compel arbitration. Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). The moving party has the burden of persuading the court that the circumstances of the case justify a stay. Ward v. Estate of Goossen, No. 14-cv-03510, 2014 WL 7273911 at *1 (N.D. Cal. Dec. 22, 2014). In analyzing whether the moving party has met its burden, the Ninth Circuit uses a four-factor test: "(1) whether the party has made a strong showing it is likely to succeed on the merits; (2) whether the party will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the parties in the proceeding; and (4) where the public's interest lies." Id.; see also Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011). Courts apply a sliding scale in weighing these factors. Morse v. Servicemaster Global Holdings, Inc., No. C 10-00628, 2013 WL 123610 at *2 (N.D. Cal. Jan. 8, 2013). Under this sliding scale approach, a moving party who cannot show a strong likelihood of success on the merits may nonetheless be entitled to a stay provided it can show that the second and third factors tilt sharply in its favor and that the appeal raises serious legal questions. Kum Tat Ltd. v. Linden Ox Pasture, LLC, No. 14-cv-02857, 2015 WL 674962 at *2 (N.D. Cal. Feb. 17, 2015); see also Leiva-Perez v. Holder, 640 F.3d at 966.

CBS has failed to meet its burden of showing that the circumstances of this case warrant a stay pending its appeal of the Court's order denying its Motion to Compel. As an initial matter, CBS has completely failed to address one of the four factors that this Court must consider in deciding to grant a stay. Rather than explaining why its appeal is likely to succeed on the merits, CBS argues instead that its appeal is "nonfrivolous" because the Court's order on the motion to compel was ten pages long. While the Ninth Circuit can be grateful that CBS's appeal is "nonfrivolous," CBS has the burden of showing, at a minimum, that its appeal raises serious legal questions. Kum Tat Ltd., 2015 WL 674962 at *2. Neither the length of the Court's underlying order nor the bare

1  allegation that "reasonable minds can disagree" with that order's reasoning is enough to
2  show that the appeal raises serious legal questions.  ECF No. 38 at 5.  CBS's Motion
3  fails for this reason alone.
4        Furthermore, two of the other three factors weigh in Plaintiff's favor.  Failing to
5  stay this case will not harm the public interest.  Indeed, issuing a stay will <u>harm</u> the
6  public interest if Plaintiff's fraud allegations have any merit.  <u>Bradberry v. T-Mobile USA,</u>
7  <u>Inc.</u>, No. C 06-6567, 2007 WL 2221076 at *5 (N.D. Cal. Aug. 2, 2007).  Conversely, the
8  risk of lost evidence as a result of delaying this action, along with the amount of money
9  at issue, favors denial of the instant Motion.  <u>See</u> <u>id.</u> at *4 (explaining that the risk of lost
10 evidence is an important consideration in determining whether other parties in
11 proceeding will be injured as a result of a stay).
12       Finally, CBS also contends that failing to stay proceedings in this Court will result
13 in irreparable harm because CBS will be required to engage in the discovery process
14 while the Ninth Circuit considers the appeal.  Although continuing litigation costs in the
15 face of a denied motion to compel arbitration generally constitute irreparable harm, this
16 factor does not justify a stay here.  <u>Steiner v. Apple Computer, Inc.</u>, No. C 07-04486,
17 2008 WL 1925197 at *5 (N.D. Cal. April 29, 2008).  Because CBS has not made a strong
18 showing that it will likely succeed on appeal, it must show that the irreparable harm
19 factor "strongly" favors a stay.  <u>Id.</u>  CBS's conclusory contention that Plaintiff has made
20 "crippling demands for voluminous discovery" is not enough to make a strong showing of
21 irreparable harm.  ECF No. 38 at 7.  Moreover, the discovery that has apparently been
22 served in this case is far from crippling.  <u>See, e.g.</u>, Plaintiff's Request for Admission to
23 Defendant Corporate Business Solutions, ECF No. 39-5 (propounding nine Requests for
24 Admission).[2]  Even if CBS had adequately briefed the issue of whether its appeal
25 presents a serious legal question, the discovery occurring in this action is not enough for
26 the potential for irreparable harm to weigh sharply in favor of a stay.
27
28      [2] If discovery in this matter becomes unduly burdensome, CBS's remedy is a protective order under Federal Rule of Civil Procedure 26(c) rather than a stay of all proceedings.

3

This case is in its earliest stages, and the risk of harm to CBS if discovery proceeds is low.  If the trial date approaches without a decision on the pending appeal, CBS is free to file another motion to stay.  At this early juncture, however, CBS has failed to meet its burden of persuading this Court that the circumstances of this case justify a stay.  The instant Motion is therefore DENIED.

## CONCLUSION

For the reasons set forth above, the Motion for Stay Pending Appeal Following Denial of Motion to Compel Arbitration (ECF No. 38) is DENIED without prejudice to refiling if the trial date approaches.

IT IS SO ORDERED.

Dated:  November 9, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT