1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  | DKS, INC., et al., | No.  2:15-cv-00132-MCE-DB |

12                 Plaintiffs,

13         v.                                    **MEMORANDUM AND ORDER**

14  CORPORATE BUSINESS
    SOLUTIONS, INC., et al.,
15

16                 Defendant.

17

18         This case arises from a dispute between Plaintiff DKS INC. ("DKS") and its

19  business consultant, Defendant Corporate Business Solutions ("CBS").  Presently before

20  the Court is Defendants' second Motion to Compel Arbitration and Plaintiffs' Motion to

21  Strike Defendants' Motion to Compel and Request for Sanctions.  ECF Nos. 53 and 57.

22  For the following reasons, Defendants' Motion is STRICKEN and Plaintiffs' Motion is

23  GRANTED in part.

24

25                                **BACKGROUND**

26

27         DKS contracted with CBS to receive business consultation services.  Defendant

28  Oliver Sintobin ("Sintobin"), CBS's employee, acted as DKS's primary consultant.

                                         1

1    Sintobin's conduct allegedly gave rise to the claims at issue in this action.  After the

2    Complaint was filed, Defendants filed a Motion to Compel Arbitration.  ECF No. 11.

3         The arbitration clause ("Clause") in the contract between DKS and CBS states:

4    "Client and CBS expressly agree all disputes of any kind between the parties arising out

5    of or in connection with this Agreement shall be submitted to binding arbitration which

6    would be administered by the American Arbitration Association."  ECF No. 11-1.  This

7    Court denied Defendants' first Motion to Compel for two reasons.  ECF No. 32.  First,

8    Sintobin's actions "were drastically different from what was presented in the contract,"

9    and DKS therefore was "not able to give honest assent to the contract."  Id.  Second,

10   because Plaintiffs seek damages caused by conduct "that had nothing to do with the

11   promises outlined in the parties' contract[,]" the claims fell outside the scope of the

12   Clause.  Id.  Defendants appealed this Court's denial of their motion to compel, and that

13   appeal is currently awaiting a decision from the Ninth Circuit.  See ECF No. 34.  The

14   Court declined to stay the case in the meantime.  ECF No. 47.

15        In March of this year, Plaintiffs filed their FAC.  ECF No. 51.  Instead of replying to

16   the FAC, Defendants filed another Motion to Compel Arbitration.  ECF No. 53.  Currently

17   before this Court are this latest Motion to Compel and Plaintiffs' subsequently filed

18   Motion to Strike.  ECF No. 57.  Plaintiffs argue that Defendants' current Motion is merely

19   an attempt to delay the proceedings, and thus additionally request that the FAC's claims

20   be deemed admitted and monetary sanctions be imposed on Defendants' counsel.  Id.

21

22                                    **DISCUSSION**

23

24        Defendants' current Motion to Compel Arbitration is frivolous for three reasons:

25   (1) it is a copy-and-paste of the original motion to compel that was already denied; (2) it

26   fails to address how the FAC alters the significance of the Clause in the current dispute;

27   and (3) Defendants' appeal of the first motion is still pending before the Ninth Circuit.

28   ///

                                         2

1   Defendants' current Motion to Compel Arbitration is a regurgitation of the same

2   arguments made in their previous Motion to Compel Arbitration (ECF No. 11).  The only

3   non-formatting and non-grammatical difference is that the new Motion includes a section

4   and argument that was previously included in Defendants' reply papers for the previous

5   motion.  <u>See</u> ECF No. 57-3 (redlining the differences between the two motions to compel

6   arbitration).  This Court already considered that argument.  Other than this structural

7   difference, Defendants fail to distinguish the motions.

8   Moreover, Defendants' current Motion to Compel Arbitration does not address the

9   only relevant circumstance that could potentially alter the germaneness of the Clause:

10   the FAC's new claims.  However, since Defendants' first motion was denied, Plaintiffs

11   have moved to add new claims that, "allege[] facts even further from the reach of the

12   contract that contains the arbitration clause."  ECF No. 57.  The claims add four more

13   parties, none of which are parties to the contract that contains the Clause.  The FAC

14   expands the allegations of Sintobin's extra-contractual theft, which falls outside the

15   scope of the Clause.  <u>See</u> ECF No. 32 ("[T]he causes of action are for the damage

16   incurred by Plaintiff as a result of Defendants' extra-contractual actions.").  Plaintiffs also

17   seek to include new tort claims that do not implicate the Clause.  Accordingly, the FAC

18   does not change the reasoning on which arbitration was originally denied.  <u>See</u> <u>id.</u>

19   Finally, Defendants' re-filing of the current Motion, while simultaneously awaiting a

20   decision on their appeal of their first and identical motion, demonstrates a bad-faith

21   attempt to delay this dispute.  The Ninth Circuit was fully briefed on the arguments to

22   compel arbitration.  That appeal remains pending, but Defendants' most recent Motion

23   regurgitates the same arguments as their first motion while providing no explanation as

24   to why this Court's decision should change.  Accordingly, Plaintiffs accurately

25   characterize the current Motion as a naked attempt to delay the proceedings.

26   Defendants' second Motion to Compel Arbitration is therefore STRICKEN and Plaintiffs'

27   Motion to Strike the motion to compel arbitration GRANTED.

28   ///

1   Plaintiffs' request for sanctions, however, is DENIED.  Although Defendants have

2   wasted the Court's time by filing the instant Motion, it declines to impose sanctions on

3   the current record.  Instead, Defendants are explicitly admonished that frivolous, bad

4   faith conduct—of which the instant Motion is a prime example—will not be tolerated in

5   the future.  The Court will not hesitate to impose serious sanctions if Defendants persist

6   in  pursuing such litigation tactics.

7

8                                   **CONCLUSION**

9

10   For these reasons, Defendants' Motion to Compel arbitration (ECF No. 53) is

11   STRICKEN and Plaintiffs' Motion to Strike the motion to compel arbitration and request

12   for sanctions (ECF No. 57) is GRANTED in part and DENIED in part.

13   IT IS SO ORDERED.

14   Dated:  August 11, 2016

15

16                                   MORRISON C. ENGLAND, JR
                                     UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                         4